**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 4:16-CR-00301 |
| vs. ) | |
| ) | |
| KEITH L. CARNES, ) | |
| Defendant. ) | |

### DEFENSE RESPONSE TO THE UNITED STATES' MOTION *IN LIMINE* REGARDING JUSTIFICATION DEFENSE

**COMES NOW,** The Undersigned counsel to Defendant Keith L. Carnes in response to the United States' Motion *In Limine* regarding justification defense:

1. The Undersigned was appointed counsel for the Defendant under the Criminal Justice Act on September 25, 2018. Undersigned is the third defense attorney involved in this matter and the second attorney appointed to represent the Defendant.

2. The Undersigned received discovery materials from the United States Attorney's Office on October 9, 2018.

3. The Undersigned received Supplemental Discovery materials on May 10, 2019 and May 24, 2019. The Defense has continued to receive Supplemental Discovery materials over the months and including the month of October.

4. The Defendant is charged by grand jury superseding indictment filed on May 22, 2019 with the charge of having been a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and two additional counts of an Unlawful User of a Controlled Substance in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

5. The United States of America, by and through Assistant United States Attorney William A. Alford, III filed a Motion In Limine to preclude argument and discussion by the Defendant Keith L. Carnes that he was justified in possessing the firearm he was accused of unlawfully possessing in Counts One and Two of the Superseding Indictment. The government's Motion petitioned the Court to preclude such argument unless and until Mr. Carnes can establish an "underlying evidentiary foundation" as to each of the

elements of the affirmative defense of justification. *United States v. El-Almin*, 574 F.3d 915, 925 (8th Cir. 2009).

6. A Hearing was held on October 17, 2019 before the Honorable David Gregory Kays per the Defense's request. Defense Counsel requested status from the Court regarding the government's Motion.

7. The Court informed the Defense that it would grant the government's Motion *In Limine* precluding a justification defense and that a jury instruction of justification would not be granted.

8. The Court stated that it believed the law was clear regarding the United States Court of Appeals for the Eight Circuit regarding previously declining to recognize justification as a defense to prosecution under 18 U.S.C. § 922(g). Among the authorities cited by the government was that of *United States v. Green*, 835 F.3d 844 (8th Cir. 2016), noting that the Court observed in 2016 that it had "previously declined" to recognize such a defense. *Green*, 835 F.3d at 855 (quoting *United States v. Cooney*, 571 Fed.Appx 505, 506 (8th Cir. 2014).

9. The Defendant objects to the Court's ruling regarding this Motion. The Defendant believes that a failure to give a justification instruction to his jury and not allowing him to offer this defense at trial would adversely impact his ability to present a complete defense. *Id*. (quoting *United States v.Lomax*, 87 F.3d 959, 961 (8th Cir. 1996). First, he was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury. Second, that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act. Third, that he had no reasonable, legal alternative to violating the law. Fourth, that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm. Currently, eleven circuits recognize duress, necessity, self-defense and defense of others as affirmative defenses to the crime of felon in possession of a firearm. Many of these circuits group these cases under the heading of "Justification" defenses.

10. Following the hearing, the Defendant informed his counsel that he desires to proceed to trial pro se and did not wish to have appointed counsel involved in his defense in any manner whatsoever.

**WHEREFORE,** The Undersigned respectfully requests that the Court note the Defendant's objection to the Court's ruling in the government's Motion *In Limine* and reconsider granting the Defendant's request regarding a justification defense and jury instruction.

Respectfully, Submitted,

/s/ Jonathan D. Truesdale
Jonathan D. Truesdale, MO Bar No. 64315
104 West 9th Street, Suite 401
Kansas City, MO 64108
(410) 905-5463 - Mobile
(816) 394-9105 - Office
(816) 817-3368 -Fax
jdtrueslaw@gmail.com
ATTORNEY FOR DEFENDANT

Certificate of Service

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Court on October 18, 2019 by using the CM/ECF system, which will send a notice of electronic filing to all Counsel of Record.

/s/ Jonathan D. Truesdale
Jonathan D. Truesdale, MO Bar No. 64315