# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                               Case No. 16-00301-01-CR-W-DGK

KEITH L. CARNES,

                Defendant.

## UNITED STATES' THIRD AMENDED PROPOSED JURY INSTRUCTIONS

Comes now the United States of America, by and through its undersigned attorneys, and respectfully submits the amended proposed jury instructions listed below and attached hereto, for use by the Court during the trial of this matter. The United States reserves the right to supplement these instructions as required to meet additional issues which may arise at trial.

## I.    PRELIMINARY INSTRUCTIONS BEFORE OPENING STATEMENTS

| | | |
|---|---|---|
| (01) | 0.01 | Instructions Before Voir Dire |
| (02) | 0.02 | Instructions at End of Voir Dire |
| (03) | 1.01 | General: Nature of Case; Nature of Indictment; Burden of Proof; Presumption of Innocence; Duty of Jury; Cautionary |
| (04) | 1.02 | Elements of the Offense – Preliminary |
| (05) | 1.03 | Evidence; Limitations |
| (06) | 1.05 | Credibility of Witnesses |
| (07) | 1.06A | No Transcript Available –Note-Taking |
| (08) | 1.07 | Bench Conferences and Recesses |

3

|  |  |  |
|---|---|---|
| (09) | 1.08 | Conduct of the Jury |
| (10) | 1.09 | Outline of Trial |

**II.     INSTRUCTIONS FOR USE DURING TRIAL**

| (11) | 2.01 | Duties of Jury—Recesses |
|---|---|---|
| (12) | 2.03 | Stipulated Facts |
| (13) | 2.06A | Transcript of Recorded Conversation |
| (14) | 2.08 | Defendant's Prior Similar Acts—Where Introduced to Prove an Issue Other Than Identity) (Fed. R. Evid. 404(b)) |

**III.     FINAL INSTRUCTIONS:  FOR USE IN EVERY TRIAL**

| (15) | 3.01 | Introduction |
|---|---|---|
| (16) | 3.02 | Duty of Jury |
| (17) | 3.03 | Evidence; Limitations |
| (18) | 3.04 | Credibility of Witnesses |
| (19) | 3.05 | Description of Charge; Indictment Not Evidence; Presumption of Innocence; Burden of Proof (Single Defendant, Multiple Counts) |

**IV.     FINAL INSTRUCTIONS:  CONSIDERATION OF PARTICULAR KINDS OF EVIDENCE**

| (20) | 4.10 | Opinion Evidence – Expert Witness |
|---|---|---|
| (21) | 4.14 | (3rd Cir.) Issue Before the Jury |
| (22) | 1.18 | (5th Cir.) "On or About" Charging Date |

Case 4:16-cr-00301-DGK     Document 79     Filed 10/23/19     Page 2 of 49

## V.    <u>FINAL INSTRUCTIONS:  ELEMENTS OF OFFENSES</u>

(23)    6.18.922A    Felon in Possession of Firearm (Modified)
        3.09

(24)    6.18.922B    Drug User in Possession of Firearm (Modified)
        3.09

(25)    6.18.922B    Drug User in Possession of Firearm (Modified)
        3.09

(26)    8.02    Possession:  Actual, Constructive, Sole, Joint

(27)    Length of Possession Not Relevant


## V.    <u>FINAL INSTRUCTIONS:  CONSIDERATION OF MENTAL STATE</u>

(28)    3.11    Reasonable Doubt

(29)    7.05    Proof of Intent or Knowledge

## VI.    <u>FINAL INSTRUCTIONS:  VERDICTS</u>

(30)    3.12    Deliberation

(31)    11.01    Verdict Form – Count One

(32)    11.01    Verdict Form – Count Two

(33)    11.01    Verdict Form – Count Three


Timothy A. Garrison
United States Attorney

By    */s/William A. Alford III*

William A. Alford III
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, Missouri 64106
Telephone:  (816) 426-3122

2

*/s/Sean Foley*

Sean Foley
Special Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on October 23, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/William A. Alford III*
William A. Alford, III
Assistant United States Attorney

4

INSTRUCTION NO. _____

Members of the Jury Panel, if you have a cell phone, PDA, Blackberry, smart phone, I-phone and any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, you must leave your cell phone, PDA, Blackberry, smart phone, iPhone, iPad, tablet or any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have any such device in the jury room during your deliberations. You must give any such to the courtroom deputy for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete.

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, claims, charges, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk

face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial? (And then continue with other voir dire.)

Plaintiff's Instruction No. 1
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                 No. 0.01

INSTRUCTION NO. _____

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Plaintiff's Instruction No. 2
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
            No. 0.02

INSTRUCTION NO. _____

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a criminal case, brought against the defendant, Keith L. Carnes, by the United States Government.  The defendant is charged with one count of possessing a firearm that had been transported in interstate commerce after he had been convicted of a crime punishable by imprisonment for a term exceeding one year and he did so knowingly.  The defendant is also charged with two separate counts of possessing a firearm that had been transported in interstate commerce while he was an unlawful user of a controlled substance and he did so knowingly.  The charges are set forth in what is called an Indictment, which is summarized as follows:

**COUNT ONE**
*(Felon in Possession of a Firearm)*

Between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant, KEITH L. CARNES, having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed, in and affecting interstate commerce, a firearm, to wit:  a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778, which had been transported in interstate commerce, and the defendant did so knowingly, contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**COUNT TWO**
*(Unlawful User of a Controlled Substance in Possession of a Firearm)*

Between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant, KEITH L. CARNES, then being an unlawful user of a controlled substance, possessed, in and affecting interstate commerce, a firearm, to wit:  a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778, which had been transported in interstate commerce, and the defendant did so knowingly, contrary to the provisions of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

## COUNT THREE
### *(Unlawful User of a Controlled Substance in Possession of a Firearm)*

On or about February 10, 2013, in the Western District of Missouri, the defendant, KEITH L. CARNES, then being an unlawful user of a controlled substance, possessed, in and affecting interstate commerce, a firearm, to wit: a Glock, Model 21, .45 caliber pistol, Serial Number TES655, which had been transported in interstate commerce, and the defendant did so knowingly, contrary to the provisions of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

You should understand that an Indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the three crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from the facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

Plaintiff's Instruction No. 3
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                    No. 1.01 (modified)

INSTRUCTION NO. _____

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove beyond a reasonable doubt to make its case.

As to the crime of being a felon in possession of a firearm as charged in Count One of the Indictment, the government must prove:

*One*, between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

*Two*, the defendant thereafter knowingly possessed a firearm, that is a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778;

*Three*, that at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

As to the crime of being an unlawful user of a controlled substance in possession of a firearm as charged in Count Two of the Indictment, the government must prove:

*One*, between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant was an unlawful user of a controlled substance, that is, marijuana, phencyclidine (commonly known as "PCP"), or cocaine;

*Two*, the defendant thereafter knowingly possessed a firearm, that is a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778, while he was an unlawful user of a controlled substance;

*Three*, that at the time the defendant possessed the firearm, he knew he was an unlawful user of a controlled substance; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

As to the crime of being an unlawful user of a controlled substance in possession of a firearm as charged in Count Three of the Indictment, the government must prove:

*One*,   on or about February 10, 2013, in the Western District of Missouri, the defendant was an unlawful user of a controlled substance, that is, marijuana;

*Two*,   the defendant thereafter knowingly possessed a firearm, that is a Glock, Model 21, .45 caliber pistol, Serial Number TES655, while he was an unlawful user of a controlled substance;

*Three*,   that at the time the defendant possessed the firearm, he knew he was an unlawful user of a controlled substance; and

*Four*,   the firearm was transported across a state line at some time during or before the defendant's possession of it.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

Plaintiff's Instruction No. 4
SOURCE: <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
        No. 1.02 (modified)
        No. 6.18.922A (modified) and 3.09 (modified)
        *Rehaif v. United States*, 139 S.Ct. 2191 (2019)

INSTRUCTION NO. _____

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed— that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the term "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Plaintiff's Instruction No. 5
SOURCE:     <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
                 No. 1.03 (modified)

INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Plaintiff's Instruction No. 6
SOURCE:       Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
              No. 1.05

INSTRUCTION NO. _____

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Plaintiff's Instruction No. 7
SOURCE:    <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
              No. 1.06A

INSTRUCTION NO. _____

      During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Plaintiff's Instruction No. 8
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
             No. 1.07

INSTRUCTION NO. _____

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to my courtroom deputy, Tracy Strodtman, or a courtroom security officer.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you

discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Plaintiff's Instruction No. 9
SOURCE:      <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
                        No. 1.08 (modified)

INSTRUCTION NO. _____

The trial will proceed in the following manner:

First, the government will make an opening statement. Next the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine. Following the government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the government may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Plaintiff's Instruction No. 10
SOURCE: <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
No. 1.09 (modified)

INSTRUCTION NO. _____

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout

the trial.

Plaintiff's Instruction No. 11
SOURCE:     <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
                   No. 2.01

INSTRUCTION NO. _____

The government and the defendant have stipulated – that is, they have agreed – that certain facts are as counsel will state.  You must therefore treat those facts as having been proved.

Plaintiff's Instruction No. 12
SOURCE:    Eighth Circuit Manual of Model Jury Instructions (Criminal) (2017)
                    No. 2.03

INSTRUCTION NO. _____

     As you have also heard, there is a transcript of the recording you are about to hear. That transcript also undertakes to identify the speakers engaged in the conversation.

     The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

     Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Plaintiff's Instruction No. 13
SOURCE:    Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
             No. 2.06A (modified)

INSTRUCTION NO. _____

You are about to hear evidence that the defendant was previously convicted of another crime involving use of a firearm. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide the defendant's knowledge and intent to possess a firearm as alleged in Counts One and Two of the Indictment. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, then you shall disregard it.

Remember, even if you find that a defendant may have committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

Plaintiff's Instruction No. 14
SOURCE:    Eighth Circuit Manual of Model Jury Instructions (Criminal) (2017)
            No. 2.08 (modified)

INSTRUCTION NO. _____

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

Plaintiff's Instruction No. 15
SOURCE: <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
No. 3.01 (modified)

INSTRUCTION NO. _____

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Plaintiff's Instruction No. 16
SOURCE:      Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                    No. 3.02

INSTRUCTION NO. _____

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits [and the facts that have been stipulated—this is, formally agreed to by the parties].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I will list those things again for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Plaintiff's Instruction No. 17
SOURCE:      Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                        No. 3.03

INSTRUCTION NO. _____

      In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

      In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

      In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

      [You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.]

Plaintiff's Instruction No. 18
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
         No. 3.04

INSTRUCTION NO. _____

The Indictment in this case charges the defendant with one count of possessing a firearm after he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and he did so knowingly. The Indictment also contains two counts charging the defendant with possessing a firearm while being an unlawful user of a controlled substance and he did so knowingly. The defendant has pleaded not guilty to those charges.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. [Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]

Plaintiff's Instruction No. 19
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                    No. 3.05 (modified)

INSTRUCTION NO. _____

     You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become experts in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

     Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Plaintiff's Instruction No. 20
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
           No. 4.10

INSTRUCTION NO. _____

You have heard some evidence about the manner in which the government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or use any particular method.  The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

Plaintiff's Instruction No. 21
SOURCE:     *United States v. Jenks*, 714 F. App'x 894, 896 (10th Cir. 2017); *see also United States v. Lassend*, 545 F. App'x 3, 5 (1st Cir. 2013); *United States v. Saldarriaga*, 204 F.3d 50, 51–52 (2d Cir. 2000); *United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992); Mod. Crim. Jury Instr. 3rd Cir. 4.14 (2018).

INSTRUCTION NO. _____

　　You will note that this indictment charges that these alleged offenses was committed between, on or about specified dates.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in Counts One, Two and Three of the Indictment.

Plaintiff's Instruction No. 22
SOURCES:　　Pattern Jury Instructions, Fifth Circuit Judges Association, No. 1.18
　　　　　　　(2012)(modified); Pattern Criminal Jury Instructions, Sixth Circuit District Judges
　　　　　　　Association, No. 2.04 (modified); *see also United States v. Manning*, 142 F.3d
　　　　　　　336, 338-39 (6th Cir. 1998)

INSTRUCTION NO. _____

The crime of knowingly being a felon in possession of a firearm, as charged in Count One of the Indictment, has four elements, which are:

*One*, between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

*Two*, the defendant thereafter knowingly possessed a firearm, that is a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778;

*Three*, that at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

You are instructed that the Government and the defendant have agreed that the defendant has been convicted of a crime punishable by imprisonment for more than one year and they have agreed that the between August 16, 2016 and August 30, 2016, the defendant knew he had been convicted such a crime, and therefore you must consider the first and third elements as proven.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than the State of Missouri and that the defendant possessed that firearm in the State of Missouri, then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count One; otherwise you must find the defendant not guilty of this crime under Count One.

Plaintiff's Instruction No. 23
SOURCE:    Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                  No.  6.18.922A; 3.09 (modified); *Rehaif v. United States*, 139 S.Ct. 2191 (2019)

INSTRUCTION NO. _____

The crime of being a drug user in possession of a firearm, as charged in Count Two of the Indictment, has four elements, which are:

*One*,  between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant was an unlawful user of a controlled substance, that is, either marijuana, phencyclidine (commonly known as "PCP"), or cocaine;

*Two*,  the defendant thereafter knowingly possessed a firearm, that is a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778, while he was an unlawful user of a controlled substance;

*Three*,  that at the time the defendant possessed the firearm, he knew he was an unlawful user of a controlled substance; and

*Four*,  the firearm was transported across a state line at some time during or before the defendant's possession of it.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than the State of Missouri and that the defendant possessed that firearm in the State of Missouri, then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The phrase "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of a controlled substance during the time he possessed the firearm, but the law does not require that he used the controlled substance at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed.

You are instructed that marijuana, phencyclidine ("PCP"), and cocaine are all controlled substances.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Two; otherwise you must find the defendant not guilty of this crime under Count Two.

Plaintiff's Instruction No. 24
SOURCE:     Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
            No. 6.18.922B; 3.09 (modified); *Rehaif v. United States*, 139 S.Ct. 2191 (2019)

INSTRUCTION NO. _____

The crime of being a drug user in possession of a firearm, as charged in Count Three of the Indictment, has four elements, which are:

*One*,  on or about February 10, 2013, in the Western District of Missouri, the defendant was an unlawful user of a controlled substance, that is, marijuana;

*Two*,  the defendant thereafter knowingly possessed a firearm, that is a Glock, Model 21, .45 caliber pistol, Serial Number TES655, while he was an unlawful user of a controlled substance;

*Three*,  that at the time the defendant possessed the firearm, he knew he was an unlawful user of a controlled substance; and

*Four*,  the firearm was transported across a state line at some time during or before the defendant's possession of it.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than the State of Missouri and that the defendant possessed that firearm in the State of Missouri, then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The phrase "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of a controlled substance during the time he possessed the firearm, but the law does not require that he used the controlled substance at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed.

You are instructed that marijuana is a controlled substance.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Three; otherwise you must find the defendant not guilty of this crime under Count Three.

Plaintiff's Instruction No. 25
SOURCE:    <u>Eighth Circuit Manual of Model Jury Instructions (Criminal),</u> (2017)
                    No.  6.18.922B; 3.09 (modified); *Rehaif v. United States*, 139 S.Ct. 2191 (2019)

INSTRUCTION NO. _____

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Plaintiff's Instruction No. 26
SOURCE:      Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
             No. 8.02

INSTRUCTION NO. _____

Under the statute upon which all three counts of the Indictment is based, the length of

time that a firearm was possessed is not relevant.

Plaintiff's Instruction No. 27

SOURCE: *United States v. Byers*, No. 08-CR-00416-CAS, Doc. 49 (Instructions Given) at 18 (Instruction No. 17) (E.D. Mo. January 28, 2009) (modified from "each firearm" to "a firearm").

*United States v. Byers*, 603 F.3d 503, 507 (8th Cir. 2010) (holding that the district court did not err in providing this jury instruction where officers testified to seeing the defendant flee a traffic stop on foot and throw down a firearm and the defendant did not demonstrate that the obtained the firearms innocently without an illicit purpose).

*United States v. Hawkins*, 215 F.3d 858, 859 (8th Cir. 2000) (noting defendant was convicted for being a felon in possession of a firearm after testimony that officers observed him throw a firearm into a snowbank).

*United States v. Calicutt*, 598 F.2d 1120, 1121 (8th Cir. 1979) (holding that testimony that defendant removed a sawed-off rifle from underneath his shirt and threw it into a trash can was sufficient to support conviction for being a felon in possession of a firearm).

*United States v. Adams*, 438 F.2d 644, 645 (8th Cir. 1971) (holding that testimony that officer observed defendant through firearm from roof was sufficient to support conviction for being a felon in possession of a firearm).

*Untied States v. Williams*, 403 F.3d 1188 (10th Cir. 2005) ("Furthermore, a conviction for being a felon in possession of a firearm under § 922(g) does not require evidence of a lengthy possession: '[E]ven if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for holding the firearm, § 922(g) will still impose criminal liability.'") (quoting United States v. Adkins, 196 F.3d 1112, 1115 (10th Cir. 1999)).

INSTRUCTION NO. _____

      Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.  Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Plaintiff's Instruction No. 28
SOURCE:      Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
           No. 3.11

INSTRUCTION NO. _____

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Plaintiff's Instruction No. 29
SOURCE:      Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
             No. 7.05

INSTRUCTION _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take the form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the courtroom deputy, marshal or bailiff that you are ready to return to the courtroom.

Plaintiff's Instruction No. 30
SOURCE:     <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
          No. 3.12 (modified)

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-00301-01-CR-W-DGK |
| KEITH L. CARNES, | |
| Defendant. | |

## **VERDICT FORM**

## **COUNT ONE**

We, the jury, find the defendant, KEITH L. CARNES, _____

*(Guilty/Not Guilty)*

of the offense charged in in Count One of the Indictment under Instruction No. 23.

_____            _____
DATE                                              FOREPERSON OF THE JURY

Plaintiff's Instruction No. 31
SOURCE:        Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                        No. 11.01 (modified)

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          Case No. 16-00301-01-CR-W-DGK

KEITH L. CARNES,

Defendant.

## VERDICT FORM

## COUNT TWO

We, the jury, find the defendant, KEITH L. CARNES, _____

*(Guilty/Not Guilty)*

of the offense charged in in Count Two of the Indictment under Instruction No. 24.

_____          _____
DATE                                          FOREPERSON OF THE JURY

Plaintiff's Instruction No. 32
SOURCE:      Eighth Circuit Manual of Model Jury Instructions (Criminal), (2017)
                    No. 11.01 (modified)

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,

     v.                            Case No. 16-00301-01-CR-W-DGK

KEITH L. CARNES,

                    Defendant.

## **VERDICT FORM**

## **COUNT THREE**

    We, the jury, find the defendant, KEITH L. CARNES, _____

                                                      ***(Guilty/Not Guilty)***

of the offense charged in in Count Three of the Indictment under Instruction No. 25.


_____           _____
DATE                             FOREPERSON OF THE JURY

Plaintiff's Instruction No. 33
SOURCE:     <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>, (2017)
                 No. 11.01 (modified)