INSTRUCTION NO. 1

During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately.   Do not read, watch, or listen to any news reports of the trial.   Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

INSTRUCTION NO. 2

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I shall give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a criminal case, brought against the defendant, Keith Carnes, by the United States Government. The defendant is charged in what is called an Indictment. Count One of the Indictment alleges that on or about August 16, 2016, and on or about August 30, 2016, the defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778.

Count Two alleges that on or about August 16, 2016, and on or about August 30, 2016, the defendant, being an unlawful user of a controlled substance, did knowingly possess, in and affecting interstate commerce, a firearm, namely a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778.

Count Three alleges that on or about February 10, 2013, the defendant, being an unlawful user of a controlled substance, did knowingly possess, in and affecting interstate commerce, a firearm, namely a Glock, Model 21, .45 caliber pistol, bearing Serial Number TES655.

You should understand that the Indictment is simply an accusation. It is not evidence of anything. The defendant has pled not guilty and is presumed to be innocent unless and until he is proven guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are

2

entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

INSTRUCTION NO. 3

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law

4

makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.   You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Case 4:16-cr-00301-DGK    Document 100    Filed 11/06/19    Page 6 of 35

INSTRUCTION NO. 5

At the end of the trial you must make your decision based on what you recall of the evidence.    You will not have a written transcript to consult.    You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.    If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.    And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

INSTRUCTION NO. 6

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom or by calling a recess.   Please understand that while you are waiting, we are working.   The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.   We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## INSTRUCTION NO. 7

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me or the courtroom deputy, Ms. Tracy Strodtman.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they cannot talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you

9

discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, the Internet, any Internet service, any text or instant messaging service, any blog, website, app, or social media.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment

10

that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, the Government attorney will make an opening statement.  Next, the defendant's attorney may, but does not have to, make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorneys expect the evidence to be.

The Government will then present its evidence and counsel for the defendant may cross-examine.  Following the Government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses.  If the defendant calls witnesses, the Government's counsel may cross-examine them.

After presentation of evidence is completed, I will instruct you further on the law.  The attorneys will then make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  After that, you will retire to deliberate on your verdict.

INSTRUCTION NO. 9

As you have heard, there is a transcript of the recording you are about to hear. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

INSTRUCTION NO. 10

You are about to hear evidence that the defendant, Keith Carnes, was previously convicted of crimes involving a firearm. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide, in this case, the defendant's knowledge and intent to possess firearms as alleged in the Indictment. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

14

INSTRUCTION NO. 11

The Government and the defendant have stipulated – that is, they have agreed – that certain facts are as counsel will state.   You must therefore treat those facts as having been proved.

INSTRUCTION NO. 12

You have heard evidence that the defendant, Keith Carnes, was previously convicted of crimes. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. The fact that he was previously convicted of a crime does not mean that he committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.

16

INSTRUCTION NO. 13

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.   I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.   You must not single out some instructions and ignore others, because <u>all</u> are important.   This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.   I emphasize, however, that this does not mean they are more important than my earlier instructions.   Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 15

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I shall list those things again for you now:

1.     Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.     Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to any question, you must ignore the question and must not try to guess what the answer might have been.

3.     Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.     Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

INSTRUCTION NO. 16

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

INSTRUCTION NO. 17

You have heard testimony from persons described as experts. Persons who—by knowledge, skill, training, education or experience—have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You are not bound by the opinion of any expert and may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. 18

You have heard some evidence about the manner in which the Government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the Government is under no obligation to use all of the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

INSTRUCTION NO. 19

You will note that this Indictment charges that the alleged offenses were committed on or about a specified date.   The Government does not have to prove that the crime was committed on that exact date, so long as the Government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the Indictment.

Case 4:16-cr-00301-DGK     Document 100     Filed 11/06/19     Page 23 of 35

INSTRUCTION NO. 20

The Indictment in this case charges the defendant with three different crimes. Count One charges the defendant with being a felon in possession of a firearm. Counts Two and Three charge the defendant with being an unlawful user of a controlled substance in possession of a firearm. The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial.

INSTRUCTION NO. 21

The crime of being a felon in possession of a firearm, as charged in Count One of the Indictment, has four elements, which are:

*One*, between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

*Two*, the defendant thereafter knowingly possessed a firearm, that is a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778;

*Three*, that at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

You are instructed that the Government and the defendant have agreed that the defendant has been convicted of a crime punishable by imprisonment for more than one year and they have agreed that the between August 16, 2016 and August 30, 2016, the defendant knew he had been convicted such a crime, and therefore you must consider the first and third elements as proven.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than Missouri, and that the defendant possessed that firearm in the State of Missouri, then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

If all of these elements have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged in Count One; otherwise, you must find him not guilty of this crime under Count One.

25

INSTRUCTION NO. 22

The crime of being a drug user in possession of a firearm, as charged in Count Two of the Indictment, has four elements, which are:

*One*, between on or about August 16, 2016, and on or about August 30, 2016, in the Western District of Missouri, the defendant was an unlawful user of a controlled substance, that is, either marijuana, phencyclidine (commonly known as "PCP"), or cocaine;

*Two*, the defendant thereafter knowingly possessed a firearm, that is a Bersa Thunder, .380 caliber semi-automatic handgun, bearing Serial Number B62778, while he was an unlawful user of a controlled substance;

*Three*, that at the time the defendant possessed the firearm, he knew he was an unlawful user of a controlled substance; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than the State of Missouri and that the defendant possessed that firearm in the State of Missouri, then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The phrase "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of a controlled substance during the time he possessed the firearm, but the law does not require that he used the controlled substance at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled

26

substance that reasonably covers the time the firearm was possessed.

You are instructed that marijuana, phencyclidine ("PCP"), and cocaine are all controlled substances.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Two; otherwise you must find the defendant not guilty of this crime under Count Two.

INSTRUCTION NO. 23

The crime of being a drug user in possession of a firearm, as charged in Count Three of the Indictment, has four elements, which are:

*One*, on or about February 10, 2013, in the Western District of Missouri, the defendant was an unlawful user of a controlled substance, that is, marijuana;

*Two*, the defendant thereafter knowingly possessed a firearm, that is a Glock, Model 21, .45 caliber pistol while he was an unlawful user of a controlled substance;

*Three*, that at the time the defendant possessed the firearm, he knew he was an unlawful user of a controlled substance; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than the State of Missouri and that the defendant possessed that firearm in the State of Missouri, then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The phrase "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of a controlled substance during the time he possessed the firearm, but the law does not require that he used the controlled substance at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed.

You are instructed that marijuana is a controlled substance.

28

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Three; otherwise you must find the defendant not guilty of this crime under Count Three.

INSTRUCTION NO. 24

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 25

The law recognizes several kinds of possession.   A person may have actual possession or constructive possession.   A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and sole as well as joint possession.

Case 4:16-cr-00301-DGK    Document 100    Filed 11/06/19    Page 31 of 35

INSTRUCTION NO. 26

When considering whether the defendant possessed a firearm, the length of time that a firearm was possessed is not relevant.

Case 4:16-cr-00301-DGK     Document 100     Filed 11/06/19     Page 32 of 35

INSTRUCTION NO. 27

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. 28

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, Ms. Strodtman, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict, whether guilty or not guilty, must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notices of the decision that you reach in this case. You will take the forms to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the forms, sign and date them, and advise Ms. Strodtman that you are ready to return to the courtroom.