IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Crim. Case No. 4:16-cr-00301-DGK-01 |
| KEITH L. CARNES, | ) ) ) |
| Defendant. | ) ) |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

On August 15, 2024, the Court denied Defendant's Federal Rule of Civil Procedure 60 motion. ECF No. 169. The Cout denied the motion because it found that Rule 60 was inapplicable in criminal cases. *See id.* (citing *United States v. Eggleston*, 24 F. App'x 656 (8th Cir. 2002) (unpublished)). The Court also denied Defendant's embedded motion for recusal of the undersigned. *Id.* n.1. Defendant appealed that order, ECF No. 170, and the Eighth Circuit entered a limited remand for the Court to determine whether a certificate of appealability should be issued, ECF No. 173. It further specified that if the certificate of appealability is granted, the Court shall specify the issue or issues that are to be considered on appeal. ECF No. 173.

Before addressing the certificate of appealability issue, the Court provides further background information on the procedural history for this case and Defendant's related civil case under 28 U.S.C. § 2255. On November 30, 2023, pursuant to 28 U.S.C. § 2255, Defendant filed a motion to vacate his conviction. *See Carnes v. United States*, 4:23-cv-00883-DGK, ECF No. 1. On December 15, 2023, the United States filed a motion to dismiss that case on timeliness grounds. *See id.*, ECF No. 4. The Court later denied the motion without prejudice when Defendant sought to amend his petition. *See id.*, ECF No. 8.

Before filing his amended § 2255 motion, Defendant filed a motion under Federal Rule of Civil Procedure 60 to vacate his conviction in this criminal case. *United States v. Carnes*, 4:16-cr-00301-DGK, ECF No. 164. The United States opposed the motion, arguing that Rule 60(b)(3) does not apply in criminal cases and noting that it appeared Defendant was filing the motion as an end around the timeliness issues in his § 2255 case. *Id.*, ECF No. 165. Defendant replied that his motion was filed under Rule 60(d)(3), and thus, should be considered by the Court in his criminal case. *Id.*, ECF No. 166.

While that motion was pending in this criminal case, Defendant filed his amended motion in his § 2255 case, *see Carnes v. United States*, 4:23-cv-00883-DGK, ECF Nos. 9–10, and the United States promptly moved to dismiss on timeliness grounds once again, *see id.*, ECF No. 12. The Court ordered Defendant to respond to the motion to dismiss in the § 2255 case on or before July 15, 2024, and it warned that failure to reply by the deadline would result in "the Court dismissing th[e] case under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's order." *Id.*, ECF No. 13. Defendant failed to respond by the deadline. So, on June 10, 2024, the Court dismissed without prejudice Defendant's § 2255 case under Rule 41(b), but the Court informed Defendant that it would reopen the case if he moved to reopen it within a reasonable amount of time and filed his response to the United States's motion to dismiss. *Id.*, ECF No. 14.

On August 9, 2024, Defendant moved to reopen his § 2255 case and filed his response to the United States' motion to dismiss in that case. *Id.*, ECF Nos. 16, 17. On August 15, in this criminal case, the Court denied Defendant's Rule 60 for the reasons explained above. *See United States v. Carnes*, 4:16-cr-00301-DGK, ECF No. 169. On August 20, 2024, the Court reopened Defendant's § 2255 case and restored the United States' motion to dismiss as pending. *See Carnes*

*v. United States*, 4:23-cv-00883-DGK, ECF No. 18. That motion is now fully briefed and pending the Court's ruling. *Id.*, ECF Nos. 12, 17, 19.

On September 4, 2024, the Court docketed Defendant's notice of appeal of the Rule 60 motion denial. *See United States v. Carnes*, 4:16-cr-00301-DGK, ECF No. 170 (appealing ECF No. 169). The Court then transmitted the notice of appeal to the Eighth Circuit.

To the extent a certificate of appealability is required for Defendant to appeal the Court's denial of his motion in this criminal case, the Court DENIES a certificate of appealability. Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must typically show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000). In the context of procedural rulings, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Defendant has not met this standard because the Court's finding that Federal Rule of Civil Procedure 60(b)(3) does not apply in criminal cases is not debatable among jurists of reason. *See, e.g.*, *Eggleston*, 24 F. App'x at 656; *United States v. Williams*, No. 8:19-CR-00040, 2023 WL 415476, at *1 (D. Neb. Jan. 25, 2023). The same is true even if Defendant is trying to seek relief under Rule 60(d)(3) because the Federal Rules of Civil Procedure apply to "all civil actions," not criminal cases. *See* Fed. R. Civ. P. 1; *see United States v. Rivera*, No. 20-11628, 2024 WL 983122, at *5 (11th Cir. Mar. 7, 2024) (unpublished); *see also United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016); *United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010). To the

3

contrary, the proper avenue for seeking to vacate his conviction is through § 2255, and Defendant once again has a pending motion to vacate under that provision since he successfully sought to reopen that case. Nor is the Court's denial of Defendant's conclusory request for recusal debatable among jurists of reason.

Accordingly, it is **ORDERED** that: (1) a certificate of appealability is denied; and (2) the Clerk of the Court shall electronically forward this case to the United States Court of Appeals for the Eighth Circuit for further processing of Defendant's appeal.

**IT IS SO ORDERED.**

Date:  October 30, 2024               /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT